## CURRY et v STILL et

Ohio Appeals, 9th Dist, Summit Co

No. 1654. Decided December 20, 1929

Messrs. Meade & Weygandt, Akron, for Curry et.

Mr. Lee J. Myers, Akron, for Still et.

the time limited by the contract, then the plaintiffs are entitled to recover something in this case; otherwise not."

It is urged that in so charging the trial court committed prejudicial error; but we do not so find.

Under the evidence in this case, it is apparent that there was no contract to build a house of any particular size and specified arrangement until after plans had been prepared by the plaintiffs and approved by the defendants; and under the evidence the jurors were amply justified in finding that no such plans had been prepared and submitted to the defendants at the time they notified the plaintiffs not to go ahead, and in the absence of such plans, the record in this case does not show that there was a meeting of the minds of the parties upon the size and arrangement of the very subject-matter of the contract.

It is elementary that a contract is incomplete when certain terms are agreed upon but other important terms are to be settled by future negotiations between the parties; and where such incompleteness renders the same uncertain as to subject-matter, it is not enforceable without proof that such uncertainty was removed by the later agreement of the parties. Here the plans for the house were not agreed upon but were left for further negotiations, and therefore the writing was so uncertain as to render it unenforceable as a contract if plaintiffs failed to prove that after the writing was signed defendants approved plans for the house.

It is also urged that the trial court erred in rejecting evidence offered relative to the damages suffered by the plaintiffs; but as to this claim we find no error, for the reasons stated to counsel when this case was argued.

Finding no prejudicial error in the record, the judgment is affirmed.

Funk, PJ., and Pardee, J., concur.

WASHBURN, J.

There was a conflict in the evidence of the parties in respect to said claims, and the court charged the jury as follows:

"Now, if you find, by a preponderance of the evidence, that, before the time plaintiffs were notified that they should not go ahead, that the making of the contract had been completed by the parties, not only the signing of it, but also the submission of the plans to the defendants and the agreement of the defendants to those plans, and that up to the time the plaintiffs were notified not to proceed with the building, the plaintiffs had done everything which their contract required them to do, and that the plaintiffs were, at the time they were notified not to proceed, ready, able and willing to build the house, in the manner required by the contract, and within